**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4436

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DEMORIS SINCLAIR THOMPSON,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:11-cr-00350-BO-2)

Submitted:  December 14, 2017        Decided:  January 11, 2018

Before GREGORY, Chief Judge, and WYNN and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demoris Sinclair Thompson appeals his nine-month prison sentence imposed upon revocation of his supervised release. Thompson argues that the district court failed to calculate the policy statement range, provide an explanation for the chosen sentence, and address his nonfrivolous arguments for a lower sentence. We vacate Thompson's sentence and remand for resentencing.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence "unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). In considering whether a revocation sentence is plainly unreasonable, we first consider whether the sentence is procedurally and substantively unreasonable, applying the same general considerations employed in our review of original sentences. *United States v. Crudup*, 461 F.3d 433, 438-39 (4th Cir. 2006). Only if we find the sentence unreasonable will we consider whether it is "plainly" so. *Id.* at 439.

A revocation sentence is procedurally reasonable if the district court considers the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors and adequately explains the sentence imposed. *See* 18 U.S.C. § 3583(e) (2012); *United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). The court "must provide a statement of reasons for the sentence imposed," although the explanation "need not be as detailed or specific when imposing a revocation

2

sentence as it must be when imposing a post-conviction sentence." *Id.* at 547 (internal quotation marks omitted). We presume that a within-range sentence is reasonable. *Padgett*, 788 F.3d at 373.

"By drawing arguments from § 3553 for a sentence different than the one ultimately imposed," Thompson preserved his challenge to the district court's sentencing explanation. *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010); *see United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011). Here, the district court announced Thompson's revocation sentence without an explanation or explicit consideration of any of the applicable § 3553(a) factors or Thompson's arguments for a lower sentence. Indeed, the only discussion by the court relating to Thompson's revocation sentence was a brief colloquy with the probation officer concerning the court's ability to continue Thompson on supervision. The court's failure to offer any sentencing explanation was procedurally unreasonable. And because the requirement to explain a revocation sentence is well-settled in this circuit, we further conclude that the sentence was plainly unreasonable. *See Thompson*, 595 F.3d at 548. Finally, because the record does not support the conclusion that the court's error "did not have a substantial and injurious effect or influence" on Thompson's sentence, the Government has not established that the error was harmless. *Id.* (internal quotation marks omitted); *see also United States v.*

*Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (noting burden on Government to prove procedural errors were harmless).[*]

Accordingly, we vacate Thompson's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] Thompson also assigns error to the district court's failure to calculate the policy statement range. While Thompson correctly argues that it was incumbent upon the district court to consider the policy statement range before imposing sentence, *see United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007), we need not reach this claim in light of our determination that the court's sentencing explanation warrants vacatur of the sentence.